IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

NARVIN LOGANS,
    Plaintiff,

-vs-                                            Case No. A-16-CA-1336-SS

HERZOG TRANSIT SERVICES, INC.,
    Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Herzog Transit Services, Inc. (Herzog)'s Partial Motion to Dismiss [#13] and Plaintiff Narvin Logans (Plaintiff)'s Stipulation of Dismissal and Response [#16]. Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background[1]

Herzog is a transportation company supplying train crews, train dispatchers, and support personnel for the operation of passenger trains throughout the United States. Am. Compl. [#9] ¶ 5. Herzog oversees operations, dispatch, and maintenance for the Capital Metro commuter train system

---

[1] The recited facts are taken from Plaintiff's Amended Complaint and documents incorporated therein. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (reiterating that the court may consider documents a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to his claim). Here, the Court considered the three charges of discrimination Plaintiff filed before instituting this suit and the corresponding administrative responses as (1) Plaintiff discusses all three charges of discrimination in the Amended Complaint and (2) the administrative responses are a matter of public record. Am. Compl. [#9] ¶¶ 14, 21; *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 447 (W.D. Tex. 2013) ("[A] court may take judicial notice of [Equal Employment Opportunity Commission (EEOC)] documents as a matter of public record when deciding a Rule 12(b)(6) motion.").

in Austin, Texas. *Id.* Plaintiff began working as a train operator for Herzog in late 2009. *Id.* ¶¶ 6, 12, 14.

In 2013, Plaintiff was diagnosed with Chronic Obstructive Pulmonary Disease (COPD), which is an umbrella term used to describe progressive lung diseases. *Id.* ¶ 7. During the course of his employment with Herzog, Plaintiff took medical leave more than once, but each time he returned to work after passing Herzog's required physical exam. *Id.*

At the end of October 2014, Plaintiff, who is black, filed a charge of discrimination against Herzog with the Austin Equal Employment/Fair Housing Office (Austin Commission), alleging race discrimination (First Charge). Second Mot. Dismiss [#13-1] Ex. 1 (First Charge). Plaintiff later withdrew this charge. On April 4, 2015, the EEOC acknowledged Plaintiff's withdrawal of the First Charge, "terminat[ing] any further processing of this charge but . . . not affect[ing] the processing of any other charge." *Id.* [#13-2] Ex. 2 (Acknowledgment of Withdrawal).

On April 16, 2015, after Plaintiff had been on medical leave for some time, Plaintiff's doctor cleared him to return to work but instructed him to keep an oxygen tank with him to use if necessary. Am. Compl. [#9] ¶ 8. Herzog again required Plaintiff to submit to a physical exam, conducted by Herzog's chosen doctor. *Id.* ¶ 9. Plaintiff passed the exam, which included demonstrating the ability to lift fifty pounds. *Id.* Subsequently, however, Herzog determined Plaintiff could not return to work, claiming Plaintiff was not fit to work because he could not lift people off a train in the event of an emergency. *Id.* Herzog put Plaintiff on medical leave, as delineated by the Family Medical Leave Act, effective May 1, 2015. *Id.* ¶ 10.

Later that month, Plaintiff learned Herzog had two openings for dispatcher. *Id.* ¶ 11. Interested in the dispatcher positions because they were sedentary, Plaintiff informed Herzog's Austin manager

of his interest. *Id.* Plaintiff also inquired if he could take an "employee-in-charge"[2] position. *Id.* The manager responded that Plaintiff could only return to work as a train operator and denied Plaintiff the opportunity to apply or train for a dispatcher position. *Id.*

A few weeks after Plaintiff's conversation with the manager, Herzog filled the dispatcher positions with candidates who appear to be in their thirties. *Id.* ¶ 12. At the time the positions were filled, Plaintiff was sixty-four years old. *Id.*

On July 9, 2015, Plaintiff filed a second charge of discrimination with the Austin Commission (Second Charge). Second Mot. Dismiss [#13-3] Ex. 3 (Second Charge). In the Second Charge, Plaintiff alleged Herzog retaliated against him for filing the First Charge and discriminated against him on the basis of his disability by not allowing him to return to work and not reassigning him to one of the vacant dispatcher positions. *Id.* Following an investigation, the Austin Commission issued a letter on September 29, 2015, indicating it was closing its file on the Second Charge because it was "unable to conclude that the information obtained establishes violations of the statutes." *Id.* [#13-4] Ex. 4 (Letter of Determination). Approximately one month later, on October 22, 2015, the EEOC issued a Dismissal and Notice of Rights pertaining to the Second Charge, announcing the EEOC adopted the findings of the Austin Commission. *Id.* [#13-5] Ex. 5 (First Dismissal and Notice of Rights). The First Dismissal and Notice of Rights informed Plaintiff he could file a lawsuit based on the Second Charge, but the "lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost." *Id.*

---

[2] An "employee-in-charge" acts as a lookout to monitor employee safety close to the rail tracks. Am. Compl. [#9] ¶ 11.

Some months later, Plaintiff learned Herzog terminated his employment when he received notice his health insurance coverage, obtained through his employer, had been terminated effective November 24, 2015. Am. Compl. [#9] ¶ 13.

On February 21, 2016, Plaintiff filed a third charge of discrimination. Second Mot. Dismiss [#13-6] Ex. 6 (Third Charge). In the Third Charge, Plaintiff alleged Herzog unlawfully discriminated against him on the basis of his age and disability and retaliated against him by terminating his employment and denying his application for the dispatcher position. *Id.* On approximately October 10, 2016, the EEOC issued a second Dismissal and Notice of Rights, specifying it was "unable to conclude that the information obtained establishes a violation." *Id.* [#13-7] Ex. 7 (Second Dismissal and Notice of Rights). Nevertheless, the EEOC again informed Plaintiff he could file a lawsuit within ninety days of his receipt of the notice. *Id.*

On December 27, 2016, Plaintiff brought suit against Herzog. Compl. [#1]. Herzog then filed a partial motion to dismiss alleging failure to state a claim. First Mot. Dismiss [#7]. Plaintiff thereafter amended his complaint, alleging (1) unlawful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; (2) disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.;* and (3) age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* Am. Compl. [#9]. Herzog again moved for partial dismissal under Federal Rule of Civil Procedure 12(b)(6). Second Mot. Dismiss [#13]. Plaintiff filed a response, agreeing to dismiss some claims while opposing the dismissal of others. Resp. [#16]. Herzog did not file a reply, and the motion to dismiss is now ripe for decision.

## Analysis

I.    **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts "must consider" the complaint, as well as other sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

A plaintiff in an employment discrimination case must exhaust administrative remedies before pursuing claims in federal court. "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citation omitted). "Although filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court." *Id.* (citation and internal quotation marks omitted). After receiving a right-to-sue notice from the EEOC, a claimant has ninety days to file a civil action and that ninety-day period is strictly construed. *See id.* at 380 (affirming the district court's dismissal of an employment discrimination claim because the Plaintiff filed his complaint one day after the expiration of the ninety-day period).

In its motion to dismiss, Herzog alleges Plaintiff's claims of retaliation and disability discrimination, as they relate to Herzog's alleged refusal to allow Plaintiff to apply for or train for one of the dispatcher positions, are time-barred. Mot. Dismiss [#13] at 7–8. According to Herzog, because Plaintiff asserted these claims in the Second Charge, Plaintiff was required to file a lawsuit asserting these claims within ninety days of receiving the First Dismissal and Notice of Rights. *Id.* As Plaintiff filed this lawsuit more than ninety days after receiving the First Dismissal and Notice of Rights, Herzog argues Plaintiff's retaliation and disability discrimination claims concerning the dispatcher position should be dismissed with prejudice. *Id.* at 7–9 (noting Plaintiff filed this lawsuit over fourteen months after the EEOC dismissed the Second Charge).

In his response, Plaintiff agrees to the dismissal of the entirety of his retaliation claim and part of his disability discrimination claim as it relates to the dispatcher position. *See* Resp. [#16] at 1–2 (stipulating to the dismissal of all claims except (1) his age discrimination claim concerning the dispatcher position and (2) his disability discrimination and age discrimination claims regarding his

termination). However, citing *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002), Plaintiff appears to argue his claims are not time-barred because he timely filed the Third Charge. *Id.* at 2–3.³ In particular, Plaintiff claims he had either 180 or 300 days to file a charge from the most recent discrete retaliatory or discriminatory act. *Id.*

Plaintiff addresses only his timely filing of the Third Charge and not his failure to timely sue based on the claims asserted in the Second Charge. Resp. [#16] at 2–3. Nevertheless, failure to file a lawsuit based on the claims asserted in the Second Charge within the required ninety-day window is fatal to those claims raised in the Second Charge. *See Prewitt*, 927 F. Supp. 2d at 445 (dismissing claims asserted in earlier EEOC charges but not sued upon within the corresponding ninety-day filing period as time-barred). To the extent Plaintiff repeated allegations from the Second Charge in the Third Charge, Plaintiff cannot circumvent the statute of limitations on a claim by raising it in a later-filed charge. *See Gamel v. Grant Prideco, L.P.*, 625 F. App'x 690, 695 n.2 (5th Cir. 2015) ("A second right-to-sue letter does not restart the ninety-day window in which a claimant may file a lawsuit."); *Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986) ("[T]he time limitations of 42 U.S.C. § 2000e-5(f)(1) would be meaningless, . . . [if] potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased."). Additionally, Plaintiff alleged no facts to indicate the limitations period should be equitably tolled. *See Granger v. Aaron's, Inc.*, 636 F.3d 708 (5th Cir. 2011) (discussing possible bases for equitable tolling).

---

³ Plaintiff does not fully articulate his argument and merely cites to the syllabus of the Supreme Court's opinion in *National Railroad Passenger Corporation*, rather than the actual opinion, without explaining how the opinion's reasoning or holding applies to this case. *See* Resp. [#16] at 2–3 (citing *Nat'l R.R. Passenger Corp.*, 536 U.S. at 102).

Therefore, the Court agrees with Herzog. The claims asserted in the Second Charge, Plaintiff's claims of retaliation and disability discrimination as they relate to the dispatcher position, must be dismissed. Additionally, because Plaintiff stipulates to the dismissal of his retaliation claim as it concerns his termination, the Court also dismisses this claim.

## Conclusion

As the Court dismisses Plaintiff's retaliation claim in its entirety and partially dismisses Plaintiff's disability discrimination claim, two claims remain: (1) Plaintiff's disability discrimination claim with respect to termination and (2) his age discrimination claim as it relates to both the dispatcher position and termination.

Accordingly:

IT IS ORDERED that Defendant Herzog Transit Services, Inc.'s Partial Motion to Dismiss [#13] is GRANTED; and

IT IS FURTHER ORDERED that Plaintiff Narvin Logans's claim of unlawful retaliation, in its entirety, and his claim of disability discrimination, as it relates to alleged denial of a dispatcher position, are DISMISSED.

SIGNED this the 3rd day of May 2017.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE